

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| MARION K. STOCKMAN, § | |
|     Plaintiff, § | |
| § | |
| vs. § | CIVIL ACTION NO. 6:05-1804-HFF-WMC |
| § | |
| JOANNE B. BARNHART, Commissioner § | |
| of Social Security, § | |
|     Defendant. § | |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE, REVERSING DEFENDANT'S DECISION TO DENY PLAINTIFF'S CLAIM FOR BENEFITS AND REMANDING THE CASE FOR PAYMENT OF BENEFITS**

This is a Social Security action. The Court has jurisdiction over the matter pursuant to 28 U.S.C. § 1331 and other applicable statutes. Plaintiff brought this action to obtain judicial review of a final decision of Defendant, who concluded that Plaintiff is not entitled to disability insurance benefits (DIB). The matter is presently before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting that Defendant's decision to deny Plaintiff's claim for DIB be reversed under sentence four of 42 U.S.C. §§ 405(g) and 1383(c)(3) and that the case be remanded to take appropriate action regarding an award of benefits to Plaintiff. The Report is made in accordance with 28 U.S.C. § 636 and Local Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court.

*Matthews v. Weber*, 423 U.S. 261, 270 (1976).  The Court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on March 20, 2006.  Defendant filed her four-page objection memorandum on March 28, 2006.

Defendant objects to the Magistrate Judge's finding that the Administrative Law Judge (ALJ) "erred in discounting the opinion of treating rheumatologist Frank E. Harper, M.D., who opined that Plaintiff had functional limitations that would preclude all work." (Defendant's Objections 1.)  The Court, however, agrees with the Magistrate Judge's finding.

Contrary to Defendant's contention otherwise, the Court finds that Dr. Harper's treatment notes were wholly consistent with his opinion that Plaintiff was unable to perform even low stress jobs.  Although it is true that Dr. Harper did note that, at times, Plaintiff's condition was improving and that she had a full range of motion, "Dr. Harper consistently noted that [Plaintiff] exhibited pain and multiple trigger points, and he specifically stated in the fibramyalgia questionnaire that [Plaintiff] had 18 of the 18 tender points established in the American College of Rheumatology Criteria." (Report 17.)  As noted by the Magistrate Judge,

> In August 2003, Dr. Harper opined that [Plaintiff's] pain was severe enough to "constantly" interfere with her attention and concentration and that she was incapable of even low stress jobs.  He indicated that she had sedation from narcotic pain medication.  Dr. Harper opined that she could walk less than one block at a time; sit and stand for 30 minutes at a time for a total of less than two hours each; and occasionally lift up to 10 pounds, twist, stoop, climb, look down, turn her head, look up, and hold her head in a static position.  He also opined that she had significant limitations in doing repetitive reaching, handling, and fingering, and that she was likely to be absent from work more than four days per month (Tr. 428-33.)

(Report 14.)

In sum, this Court finds that the ALJ committed reversible error by not giving controlling weight to the opinion of Dr. Harper.  Consequently, the Court is of the opinion that the ALJ's finding that Plaintiff had the residual capacity to perform light work and could do her past relevant work is unsupported by substantial evidence.

In the event that the Court found that substantial evidence failed to support the ALJ's finding, Defendant urged the Court to remand the case for further administrative proceedings, and not remand for payment.  The Court, however, is unpersuaded by this argument.  As observed by the Magistrate Judge, in a matter like this "[w]here no useful purpose would be served by a remand, and, in fact, justice would not be served by such an outcome, outright reversal is justified." (Report 18) (citation omitted).

Therefore, after a thorough review of the Report, the objections, and the record in this case pursuant to the standards set forth above, the Court overrules Defendant's objections, adopts the Report and incorporates it herein.  Therefore, it is the judgment of this Court that Defendant's decision to deny Plaintiff's claim for DIB be **REVERSED** under sentence four of 42 U.S.C. §§ 405(g) and 1383(c)(3) and that the case be **REMANDED** to take appropriate action regarding an award of benefits to Plaintiff.

**IT IS SO ORDERED**.

Signed this 4th day of April, 2006, in Spartanburg, South Carolina.

s/ Henry F. Floyd  
HENRY F. FLOYD  
UNITED STATES DISTRICT JUDGE